14-2961-cv
Larobina v. Wells Fargo Bank, N.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand sixteen.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

Vincent P. Larobina,
       *Plaintiff-Appellant*,

      v.                                        14-2961-cv

Wells Fargo Bank, N.A.,
       *Defendant-Appellee.*[*]

_____

FOR APPELLANT:                Vincent P. Larobina, *pro se*, Stamford, Connecticut.

FOR APPELLEE:                David M. Bizar, Robert J. Carty, Jr., Seyfarth Shaw LLP, Boston, Massachusetts.

_____

[*] The Clerk of Court is directed to amend the official caption as shown above.

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on July 15, 2014, is AFFIRMED.

Plaintiff Vincent P. Larobina, proceeding pro se, appeals from a judgment in favor of defendant Wells Fargo Bank, N.A. ("Wells Fargo") (1) dismissing Larobina's claims that Wells Fargo violated Connecticut law by causing a diminution in the value of his real property and certain claims in connection with his mortgage, and (2) granting summary judgment as to Larobina's claims that Wells Fargo violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a to 42-110q, in connection with his mortgage. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

We review de novo a district court's dismissal of a complaint for failure to state a claim, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Upon such review, we affirm the district court's dismissal of 13 of Larobina's 14 claims for substantially the reasons stated in the district court's thorough and well-reasoned opinion. See Larobina v. Wells Fargo Bank, N.A., No. 3:10CV1279 (MRK), 2012 WL 1032953 (D. Conn. Mar. 27, 2012). We note only that, while Larobina correctly calculated the monthly mortgage

2

payment on a 30-year, $250,000 loan at a fixed interest rate of 5.87% as $1,478.05, rather than $1,484.50, the district court correctly recognized that the Note explicitly provides for the latter sum, and Larobina has made no allegation of fraud sufficient to release him from the Note's express provisions. See id. at *5.

We also review awards of summary judgment de novo. See Bermudez v. City of New York, 790 F.3d 368, 373 (2d Cir. 2015). The district court granted Wells Fargo summary judgment on Larobina's CUPTA claim for telephone calls that repeatedly and incorrectly charged Larobina with delinquency on his mortgage. See Larobina v. Wells Fargo Bank, N.A., No. 3:10-CV-01279 (MPS), 2014 WL 3419534, at *1 (D. Conn. July 10, 2014). The district court concluded that Larobina, who claimed only emotional distress, had not "'suffer[ed] any ascertainable loss of money or property, real or personal, as a result of'" Wells Fargo's actions. Id. at *1 (emphasis added by Larobina) (quoting Conn. Gen. Stat. § 42–110g(a)). The Appellate Court of Connecticut recently held that a "claim of emotional distress does not constitute an ascertainable loss of money or property for purposes of CUTPA." Di Teresi v. Stamford Health Sys., Inc., 149 Conn. App. 502, 512, 88 A.3d 1280, 1285 (2014). This authoritative interpretation of the statute accords with the most natural reading of the statutory text and confirms the same overwhelming construction of Superior Courts of Connecticut since 2003. See id. at 510–12 & n.3, 88 A.3d at 1284–85 & n.3 (collecting cases). Thus, although the Connecticut Supreme Court has not ruled on the question, these precedents allow us to predict with confidence that Connecticut's highest court would reach the same outcome. Cf. Gilbert v. Seton Hall Univ., 332 F.3d 105, 115 (2d Cir. 2003) ("[C]ertification is warranted where existing

3

state-court precedents do not enable us to predict with confidence the outcome that the state's highest court would reach . . . ."). We therefore affirm the grant of summary judgment.

Finally, Larobina contends that the district court effectively imposed an impermissible anti-suit injunction by stating in 2010, "I just don't want other actions being filed against Wells Fargo until we resolve [the instant federal case]." J.A. 100. In fact, the record makes clear that the district court explicitly declined to enter an order enjoining Larobina. See J.A. 103 ("I could enter an order, but I would prefer to have sort of a gentleman's agreement that we are not going to be filing state court actions outside of this complaint."). Even if it had, however, any error would have been harmless because Larobina shows no impact on his substantial rights. See Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

We have considered all of Larobina's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4